IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TAVON HAMMOND and KETAVIOUS JAVON HAMMOND,[1] | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) | CASE NO. 1:24-cv-395-ECM-JTA (WO)
| BRAD STRICKLAND and K. SMITH, | ) ) |
| Defendants. | ) |

## **ORDER**

*Pro se* Plaintiffs Tavon Hammond and Ketavious Javon Hammond filed[2] this action on July 8, 2024, against Defendants Brad Strickland and K. Smith. (Doc. No. 1.) Pursuant

---

[1] In *State of Alabama v. Hammond*, Case No. 1:24-cv-00364-ECM-SMD, the United States District Judge declared Ketavious Hammond to be a vexatious litigant on grounds that he "has twice removed the state court prosecution to this Court on substantially the same grounds, which have no objectively legitimate legal basis." *State of Alabama v. Hammond*, Case No. 1:24-cv-00364-ECM-SMD, (Doc. No. 8 at 4) (December 6, 2024 Order). (In fact, Ketavious Hammond had attempted *three* times unsuccessfully to remove state criminal proceedings on substantially the same grounds, and each time the cases were remanded for essentially identical reasons. *See State of Alabama v. Hammond*, Case No. 1:24-cv-00364-ECM-SMD (remanded on December 6, 2024); *Municipality of Dothan v. Hammond*, Case No. 1:24-cv-00289-ECM-JTA (remanded on July 22, 2024); *State of Alabama v. Hammond*, Case No. 1:24-cv-00195-MHT-CWB (remanded on May 31, 2024).) As a consequence of being declared a vexatious litigant, Ketavious Hammond was "[enjoined] from further attempts to remove the state court criminal prosecution, currently pending in the District Court of Houston County, Alabama (Case No. DC-2024-597), to this Court, without first obtaining the prior written approval of a Magistrate Judge of this Court." *State of Alabama v. Hammond*, Case No. 1:24-cv-00364-ECM-SMD, (Doc. No. 8 at 5) (December 6, 2024 Order). The current action is a civil action Plaintiffs filed originally in this court, so it does not involve the vexatious conduct Ketavious Hammond demonstrated in prior cases, nor does it implicate the restrictions the Chief United States District Judge placed on Ketavious Hammond.

[2] Plaintiffs paid the filing fee and are not proceeding *in forma pauperis*.

to Rule 4(m) of the Federal Rules of Civil Procedure, October 7, 2024, was the deadline for Plaintiffs to perfect service on Defendants.

On July 19, 2024, the Clerk of the Court informed Plaintiffs that they had failed to "include proposed summons and/or service material to be served on the defendant(s) in this case," and provided a list of four different types of materials that were lacking. (Doc. No. 5.) On September 24, 2024, Plaintiff Ketavious Hammond filed three certified mail receipts with no explanation, no information as to the intended recipients or the contents of the certified mail associated with the receipts, no indication of completion of delivery, and no signed return receipts. (Doc. No. 6.) The only information on the certified mail receipts is a date (August 15, 2024), "Montgomery, AL 36104," and information showing that each receipt was for a mailing that cost $10.99 in total for postage. (*Id*.) In short, the certified mail receipts do not rectify the matters covered in the Clerk's notice of deficiency, and they do not demonstrate that Defendants have been properly served. Since September 24, 2024, Plaintiffs have taken no action in this case.

The case is at a standstill. It cannot move forward because Defendants have not been served, and Defendants have not been served because Plaintiffs have not complied with the Clerk's notice regarding the missing service materials and have not otherwise perfected service. This is Plaintiffs' case, and it is their responsibility to prosecute it if they wish to pursue it. Fed. R. Civ. P. 4(c)(1) ("The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service."); s*ee Sullivan v. Prattville Health & Rehab., LLC*, No. 3:22-cv-702-RAH-JTA, 2024 WL 2755683, at *6 (M.D. Ala. May 29, 2024)

(recommendation of the magistrate judge) ("[A] *pro se* party must take responsibility for the obligations to which he committed when he filed the case and complete his required filings by the applicable deadlines."), *reconsideration denied*, No. 3:22-cv-702-RAH-JTA, 2024 WL 3103673 (M.D. Ala. June 24, 2024), *report and recommendation adopted*, No. 3:22-CV-702-RAH, 2024 WL 3555366 (M.D. Ala. July 25, 2024)

The court is obliged to manage its docket to ensure the just, speedy, and efficient resolution of the cases before it, and, absent a showing of good cause, it must dismiss cases whenever service has not been timely perfected. *See* Fed. R. Civ. P. 4(m) (providing that, absent a showing of good cause, the court "must dismiss" an action if service has not been perfected within 90 days after the filing of the complaint); *see also Dietz v. Bouldin*, 579 U.S. 40, 45, 47 (2016) (invoking "Rule 1 [of the Federal Rules of Civil Procedure]'s paramount command: the just, speedy, and inexpensive resolution of disputes" and the federal courts' inherent powers "to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases"); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, (1991) (holding that federal courts are vested with inherent powers that are "'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases'" (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–631 (1962)). In accordance with these responsibilities, the court will not allow cases to sit dormant on its docket for lack of service for no apparent reason.

As Plaintiff Ketavious Hammond has previously been advised, even *pro se* litigants must comply with this court's orders, the court's local rules,[3] and the Federal Rules of Civil Procedure,[4] just as any other litigant must do. *Municipality of Dothan v. Hammond*, No. 1:24-CV-289-ECM-JTA, 2024 WL 2378870, at *1 n.1 (M.D. Ala. May 22, 2024) ("[T]hough he is *pro se*, [a litigant] is required to comply with court orders and the Federal Rules of Civil Procedure." (citing *Maus v. Ennis*, 513 F. App'x 872, 878 (11th Cir. 2013))). ***Plaintiffs are ADVISED that failure to prosecute this case or failure to comply with court orders (including this Order) may result in sanctions, including monetary sanctions or the dismissal of this case with or without prejudice.*** See *Smith v. Circle K., Inc.*, No. 2:23-CV-78-MHT-JTA, 2023 WL 6849992, at *2 (M.D. Ala. Oct. 17, 2023), *report and recommendation adopted*, No. 2:23-cv-78-MHT, 2023 WL 7287880 (M.D. Ala. Nov. 3, 2023) (discussing the court's discretion to dismiss cases and sanction litigants for failure to prosecute and failure to comply with court orders).

Accordingly, it is

ORDERED that, **on or before December 31, 2024**, Plaintiffs shall SHOW CAUSE in writing why this action should not be dismissed for failure to prosecute because they

---

[3] The Local Rules for the United States District Court for the Middle District of Alabama may be found on the court's website at https://www.almd.uscourts.gov/alabama-middle-district-local-rules.

[4] The Federal Rules of Civil Procedure may be found on the court's website at https://www.almd.uscourts.gov/representing-yourself. They may also be found at https://www.almd.uscourts.gov/about/rules-orders-procedures.

4

have not timely perfected service and have not complied with the Clerk's instructions to provide the missing service materials.

    DONE this 17th day of December, 2024.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE